UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| VINCENT BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00177-JMS-MJD |
| | ) | |
| JOHN PLASSE, | ) | |
| QUALITY HEALTH CARE, | ) | |
| COX, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Dismissing Complaint and Directing Filing of Amended Complaint**

Plaintiff Vincent Butler is an inmate currently incarcerated at Branchville Correctional Facility. He brings this action under 42 U.S.C. § 1983 and state law based on events that happened while he was housed at the Vigo County Jail ("Jail"). Because Mr. Butler is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Butler names three defendants in his complaint: (1) John Plasse, the Sheriff of Vigo County; (2) Quality Health Care; and (3) Dr. Cox. He seeks money damages. He bases his complaint on the following allegations:

Before Mr. Butler was booked into the Jail, he suffered serious injuries, and he has metal starting from his left hip down to his left knee. It is hard for him to walk up and down stairs and to climb to a top bunk. Mr. Butler asked Jail staff and nursing several times for medical attention but never got a response. Once he was placed in population, Mr. Butler was assigned to a top bunk, but he found it difficult to climb up to the bunk, so he slept on the concrete floor for 31 days.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed.

Mr. Butler states that he is pursuing Eighth and Fourteenth Amendment claims. Those claims must be **dismissed for failure to state a claim upon which relief may be granted**. As to Dr. Cox, the complaint includes no factual allegations plausibly suggesting that he was personally involved in any constitutional violations. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." (cleaned up)); *see also Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an

alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Likewise, individual-capacity claims against Sheriff Plasse must be dismissed because the complaint includes no factual allegations plausibly suggesting that he was personally involved in any constitutional violations. To the extent that Mr. Butler is pursuing official-capacity claims against Sheriff Plasse, those claims must be dismissed because no factual allegations plausibly suggest that his injuries were caused by a policy, custom, or practice of the Sheriff's Department, which is necessary to pursue a claim for damages against the Sheriff in his official capacity. *See Simpson v. Brown County*, 860 F.3d 1001, 1005-6 (7th Cir. 2017) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978)) ("[M]unicipal governments [including counties] cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by their employees. They can, however, be held liable for unconstitutional municipal policies or customs." ). Likewise, Quality Health Care can only be liable for any constitutional violations if its policy, practice, or custom caused Mr. Butler's injuries. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (private corporations contracting to provide essential services to prisoners are treated a municipalities for purposes of § 1983). Mr. Butler's complaint includes no factual allegations plausibly suggesting that a Quality Health Care policy, practice, or custom caused his injuries.

Mr. Butler also states that he is pursuing claims of "gross negligence, misprision of felony, deliberate indifference, invidious discrimination, and dereliction of duty." Dkt. 1 at 2. Claims of deliberate indifference are constitutional claims, which have been addressed above. Any claim of discrimination under federal law is **dismissed for failure to state a claim upon which relief may be granted** because Mr. Butler's allegation of discrimination is wholly conclusory. For example,

3

Mr. Butler does not specify the basis for any alleged discrimination, making it impossible to infer that any of the defendants discriminated against him. As to the remaining claims, to the extent that Mr. Butler is pursuing state-law claims, the Court does not have original jurisdiction over such claims because it is understood that both he Sheriff Plasse are citizens of Indiana. *See* 28 U.S.C. § 1332(a).[1] The Court has supplemental jurisdiction over the claims, but it declines to exercise that jurisdiction because all federal-law claims have been dismissed. *See* 28 U.S.C. § 1367(c)(3). Accordingly, Mr. Butler's state-law claims are **dismissed without prejudice**.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow Mr. Butler to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

Mr. Butler shall have **through October 19, 2023, to file an amended complaint**.

---

[1] To the extent that Mr. Butler contends that these claims could proceed because there is complete diversity of citizenship, he bears the burden to plead facts establishing diversity of citizenship, and he has not done so. *See* Fed. R. Civ. P. 8(a)(1) (a complaint must include a short and plain statement of the grounds for the court's jurisdiction).

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with Mr. Butler's copy of this Order.

Any amended complaint should have the proper case number, 2:23-cv-00177-JMS-MJD, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation Mr. Butler wishes to pursue in this action.

If Mr. Butler files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 9/22/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

VINCENT BUTLER
29847
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
21390 Old State Road 37
BRANCHVILLE, IN 47514